# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY STOCKER MINA | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| MONTGOMERY COUNTY, DA KEVIN R. STEELE, LUMBER LIQUIDATORS, MARY E. HOLMES, LISA BORKOWSKI, and JOHN/JANE DOE PROCESSOR | : | NO. 18-5556 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                  April 25, 2019

Anthony Mina, who has filed ten federal actions which have been dismissed, has moved for recusal in this case.[1] As he has done previously in cases where a judge has ruled against him, he accuses the assigned judge of partiality and bias. He bases his claim of bias on the denial of his request for Electronic Case Filing (ECF) privileges and the barring of his communicating directly with the judge and the Clerk's staff by email and regular mail instead of by filing with the Clerk.

Because Mr. Mina has not demonstrated any actual bias or prejudice nor any appearance of impropriety, his motion will be denied.

The motion seeking disqualification, viewed liberally in light of Mr. Mina's *pro se* status, is grounded upon two statutes, 28 U.S.C. § 455 and 28 U.S.C. § 144. Although Mr. Mina labels his motion as one for recusal under 28 U.S.C. § 144, I shall consider he

---

[1] In his motion styled Pro Se Plaintiff's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404, which was filed simultaneously with his Complaint, he appears to seek a transfer of venue because he assumed Judge Pappert would be assigned his case. He accuses Judge Pappert of bias and impropriety. He later filed a Motion for Judge Timothy Savage's Recusal Pursuant to 28 U.S.C. § 144 (Doc. No. 24).

is also invoking § 455(a) because he cites the "appearance of impropriety" language in Canon 2 of the Judicial Code of Conduct.

Mr. Mina summarizes his motion in concluding that "[a] reasonable mind has no doubt that the mind of Judge Timothy Savage is closed to justice, that Judge Savage has a personal bias and prejudice against Plaintiff which is of such a nature, and of such intensity that Judge Savage is unable to give Plaintiff a fair trial to which every litigant is entitled." Mtn. for Recusal, ¶ 20.

Section 144 addresses actual bias or prejudice. Section 455 is broader. It goes beyond actual bias and presumed impartiality to include the appearance of impartiality. Section 455(a) requires disqualification for the appearance of partiality, while subsection (b) compels disqualification for specific grounds. Thus, § 455(a) requires disqualification for the appearance of impartiality as compared to § 455(b)(1), which requires disqualification for actual prejudice.

In analyzing a motion under § 455(a), the court applies an objective standard in determining whether disqualification is warranted. The question is whether a judge's impartiality might be questioned from the perspective of a reasonable person. A "reasonable person" is an "objective, disinterested observer who is aware of all the surrounding facts and circumstances." *Cheney v. United States District Court for the District of Columbia*, 541 U.S. 913 (2004); *Blanche Rd. Corp. v. Bensalem Twp.*, 57 Fed. 3d 253, 266 (3d Cir. 1995).

Section 144 requires disqualification upon the filing of a timely and facially sufficient affidavit alleging bias. On the other hand, § 455(b)(1) requires disqualification only if "actual bias" or prejudice is proven. If a claim fails under § 144, it will necessarily

2

fail under § 455(b)(1) which requires a higher burden of proof. When a § 144 claim is made out, it is unnecessary to analyze the claim under § 455(b)(1).

In *Liteky v. United States*, 510 U.S. 540 (1994), the Supreme Court observed that the standard for bias or prejudice under § 144 is identical to disqualification for bias and prejudice under § 455(b)(1). *Id.* at 548. It distinguished § 455(a) which requires allegations of bias be evaluated on an objective basis, so that what matters is "not the reality of bias or prejudice but its appearance." *Id.*

Rulings alone rarely justify recusal. *Id.* at 555. Rulings can show such a degree of favoritism or antagonism requiring recusal "only in the rarest circumstances" when there is no extrajudicial source. *Id.* Opinions formed on the basis of what has happened in the proceeding are not enough to warrant recusal unless they display "deep seated" bias. *Id.*

Nothing Mr. Mina complains about demonstrates any bias or partiality. I have consistently denied ECF access to non-attorney litigants. Mr. Mina was no exception. As to the ban on contacting chambers directly, I followed this Court's protocol. *Pro se* litigants are advised by the Clerk at the time of filing the action that litigants are not to communicate directly with the judge's chambers or staff. Notice of Guidelines for Representing Yourself (Appearing "Pro Se") in Federal Court (Document No. 5). Mr. Mina was not treated any differently than other *pro se* litigants. More importantly, he was not denied access to the courts.

/s/TIMOTHY J. SAVAGE